LING HUANG, Petitioner,

v.

Michael B. MUKASEY, United States Attorney General, Respondent.

No. 07–5592–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

Lee Ratner, Law Offices of Michael Brown, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; T. Bo Stanton, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Ling Huang, a native and citizen of China, seeks review of a November 28, 2007 order of the BIA affirming the February 16, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Huang,* No. A98 893 477 (B.I.A. Nov. 28, 2007), *aff'g* No. A98 893 477 (Immig. Ct. N.Y. City Feb. 16, 2006). We assume the

parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). Where the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).[1] We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We will, however, vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on, *inter alia,* an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether such inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir. 2008).

■ We conclude that the agency's adverse-credibility determination here is supported by substantial evidence. The agency based its credibility determination, in part, on the following inconsistencies: (1) while Huang stated that she was never baptized, her father stated in a letter that she was; (2) while Huang submitted a written statement that she "formally joined [a] local folk Christian church," she testified that she did not join a "formal church"; and (3) while Huang initially testified that she had never seen the pastor of her church in the U.S., she later testified that she had introduced herself to the pastor.

Huang now tries to explain these inconsistencies by arguing that (1) her father mistakenly stated that Huang was baptized because he lacked a sufficient understanding of Christian practice[2]; (2) Huang's use of the term "folk Christian church" implied that she attended a gathering of local Christians rather than a formal church; and (3) when Huang tried to introduce herself to her pastor, he did not respond.

---

1. In so doing, the BIA apparently identified additional record discrepancies not noted by the IJ. Because petitioner does not challenge this aspect of the BIA's decision, we assume, without deciding, that such identification was proper.

2. To the extent Huang argues that *Rizal v. Gonzales,* 442 F.3d 84, 90–94 (2d Cir.2006), precluded the IJ from relying on her father's lack of doctrinal knowledge, her failure to present this argument to the BIA would generally result in our declining review. *See Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). In any event, Huang's argument is unconvincing because the IJ did not reject the father's testimony; he simply noted its inconsistency with Huang's own.

We note that certain of Huang's explanations, notably, the last, lack record support. Even without such concerns, none of these explanations compelled the agency to find Huang's testimony credible. *See Siewe v. Gonzales*, 480 F.3d 160, 167–68 (2d Cir.2007) (holding that where evidence permits two plausible interpretations, we defer to the agency's choice as between the two).

Because the noted inconsistencies, each reasonably supported by the record, provided substantial evidence for the agency's adverse credibility determination, *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Liang Chen v. United States Attorney Gen.*, 454 F.3d 103, 106–107 (2d Cir.2006), we need not reach petitioner's challenge to the IJ's corroboration findings. We note simply that the REAL ID Act only expands the IJ's discretion to identify and demand reasonably available corroborative evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also id.* § 1252(b)(4) (narrowing appellate review of factfinder's determination with respect to availability of corroborating evidence).

█ Because the only evidence of a threat to Huang's life or freedom or a risk of torture depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.